PERRY *et al. v.* TURNER *et al.*

No. 6896.    SEPTEMBER 11, 1929.

*C. A. Christian,* for plaintiff in error.
*A. J. McDonald & Son* and *Rogers & Rogers,* contra.

HILL, J.    J. E. Turner filed a petition against J. J. Fletcher and J. L. Perry, for accounting, receiver, etc.   An auditor was appointed by agreement of counsel, with authority to hear all questions of law and fact and to make his report of such findings to the court.   He heard the case and filed his report of findings on both law and fact.   The plaintiff, together with the First National Bank of Ocilla, Georgia, and the Ocilla Oil & Fertilizer Co., intervenors, filed exceptions to the auditor's findings of law and fact. The judge, by agreement of all parties sitting as court and jury, passed an order sustaining certain exceptions and rendered a judgment in accordance therewith, sustaining certain exceptions of law and fact.   Perry and Fletcher filed their motion for new trial, which was overruled by the trial judge.   To the motion for new trial intervenors and plaintiff, J. E. Turner, filed a response, as follows:   "On February 29, 1928, said cause came on for hearing, all parties being present.   The court announced what its decision would be in the distribution of said funds; but the signing of the order was delayed at the request of counsel representing J. L. Perry, for the purpose of looking into the record and determining whether or not exceptions would be made to said decree.   Said order and decree was signed on March 22, 1928, and under said order R. K. Brown, clerk Irwin superior court, was made distributing agent for said fund.   Said fund was distributed in accordance with said order; and on March 30, 1928, in strict compliance with said order, the said R. K. Brown issued a check in favor of R. D. Smith, attorney for J. L. Perry, for $6,582.90 and all of said fund was paid out and the fund completely exhausted and paid out under the terms of the order on April 5, 1928.   Said check payable to R. D. Smith, attorney for J. L. Perry, was paid on said date, and said check was duly indorsed by R. D. Smith, attorney for J. L. Perry, and the funds paid to the said R. D. Smith, as attorney for J. L. Perry, on April 5, 1928. Said motion for new trial was tendered on April 7, 1928, and filed on April 9, 1928.   Respondents show that at the time that the motion for new trial was presented and filed, that said decree of the court was completely executed and performed and the judgment of the court enforced and satisfied.   Respondents show therefore that there was nothing to appeal from."

On the hearing of this motion, R. K. Brown, clerk of the su-

perior court, testified that when the decree in the case was filed he called R. D. Smith, attorney of record for J. L. Perry, to ascertain if there would be an appeal, and was advised that Smith was sick and that he could not communicate with him; that he then called Smith's stenographer, who stated that she did not know, but did not think there would be an appeal; and that Perry had never tendered back the money. The check of R. K. Brown to R. D. Smith, marked paid, for the share of the money going to J. L. Perry under the decree, was tendered in evidence. Levy Rogers, counsel for intervenors, testified that Smith stated to him that he did not think he would appeal the case. Perry testified that he employed Smith to represent him in the litigation for a fee of $250, and that this fee was to cover any appeal to the Supreme Court; that he stated to Smith, after the ruling of the court, that he desired to appeal the case, and told Smith to take the necessary steps, as he wanted it appealed by all means; "that he left the matter in the hands of his attorney, R. D. Smith, thinking that he would file the motion; and that the next he heard was on April 5, 1928, when he received a cashier's check in a letter stating that Mr. Smith directed the writer (the stenographer of Mr. Smith) to forward this amount, deducting $75 from the check received as the balance of his fee, and that Mr. Smith had been sick in bed for about two weeks." Perry testified that he went to see Smith and was informed by the doctor that Smith was ill and it was impossible to see him; whereupon Perry employed counsel on the same day, and a motion for a new trial was prepared and presented to the judge and signed on the same day; and that he still had in his possession the cashier's check sent by Smith's secretary, which he had not used.

The decree with reference to the distribution of the fund was as follows: "It is therefore considered, ordered, and decreed by the court that out of the funds deposited in the First National Bank of Fitzgerald that there be paid to the auditor the sum of $——— to include the stenographer's bill for taking the testimony, and to R. K. Brown, clerk of the superior court, $——— for costs of said case, and to the First National Bank of Ocilla $394.90, to include principal, interest, and cost, the same being in execution, and to the Ocilla Oil & Fertilizer Company $1,033.78, to include principal, interest, and costs, the same being in execution. To

J. E. Turner $3,673.90, and the balance of the $11,669.99 be paid to J. L. Perry. It is further ordered that the interest that has accumulated be paid to said parties other than the auditor and clerk and pro rated between them according to the amount of the principal due each. It is further considered, ordered, and adjudged that R. K. Brown, clerk of Irwin superior court, be and he is hereby appointed as distributing agent for said fund, and as such is directed and authorized to draw checks for the amount due the auditor and stenographer, payable to Melvin Meeks, and the amount due the intervenors, payable to Rogers & Rogers, attorneys of record for said intervenors, and the amount due J. E. Turner, payable to A. J. McDonald, his attorney of record, and the amount due J. L. Perry be paid to R. D. Smith, his attorney of record, and the amount due the clerk payable to himself for costs. It is further ordered that copy of this decree be certified as correct by said clerk and filed with the First National Bank of Fitzgerald, Georgia, and that said bank pay the checks herein provided out of said fund so deposited with it, and that the said First National Bank of Fitzgerald be relieved from any further liability by reason of said payments and from said fund upon said payments."

The court overruled the motion for new trial, and the movants excepted. The record shows that the decree of the court has been completely executed, and the terms of the decree accepted by the attorney of Perry, who was also the attorney for Fletcher, who accepted the check of the distributing agent, and in turn mailed a cashier's check to Perry after deducting his fee therefrom. Instruction by Perry, one of the plaintiffs in error, to his attorney with reference to taking the case to the Supreme Court was not known to the other side, so far as the record discloses; and such instruction could not avail him anything, or the other plaintiff in error, J. J. Fletcher, whose attorney was the same as Perry's, after their attorney of record had accepted what was awarded his client by the decree of the court. In view of the state of the record, the court did not err in overruling the motion for new trial.                    *Judgment affirmed. All the Justices concur.*